UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID BARFIELD, et al., | CASE NO. C26-1673JLR |
| Plaintiffs, | ORDER |
| v. | |
| CASCADE FUNDING ALTERNATIVE HOLDINGS LLC, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiffs David Barfield and Keuna T. Barfield's motion to remand this matter to King County Superior Court.  (Mot. (Dkt. # 4); Reply (Dkt. # 8).) Defendant Cascade Funding Alternative Holdings, LLC ("Cascade") opposes the motion. (Resp. (Dkt. # 5).)  The court has reviewed the parties' submissions, the relevant portions

//

//

ORDER - 1

of the record, and the governing law.  Being fully advised,[1] the court DENIES Plaintiffs' motion without prejudice to renewing their motion in the future if appropriate.

## II.    BACKGROUND

This action arises from an alleged wrongful foreclosure of real property owned by the late Theresa Marie Floyd.  (*See generally Compl.* (Dkt. # 1-2).)  Plaintiffs are Ms. Floyd's heirs.  (*Id.* ¶ 4.)  Before she died, Ms. Floyd entered into a reverse mortgage on her property.  (*Id.* ¶ 6.)  Although Mr. Barfield asserts that he tried to obtain loan payoff information from Cascade, Cascade did not provide that information and foreclosed on the property on March 8, 2024, without providing Plaintiffs an opportunity to cure or mitigate the foreclosure.  (*Id.* ¶¶ 7, 9-10.)

Plaintiffs originally filed this action *pro se* in King County Superior Court on March 6, 2025.  (*See* Compl. at 1; Mot. at 1.)  They raised claims for (1) wrongful foreclosure under 12 U.S.C. § 1715z-20(j) and 12 C.F.R. § 1024.41; (2) violations of their due process rights under the Fifth and Fourteenth Amendments; (3) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R § 226.33; (4) "unfair and deceptive acts" in violation of 12 U.S.C. § 5536(a)(1)(B); and (5) quiet title.  (Compl. ¶¶ 12-21.)  They also sought an injunction preventing transfer or sale of the property pending the resolution of this case.  (*Id.* ¶ 22.)

In August and September 2025, Defendants Quality Loan Corp. ("QLC") and PHH Mortgage ("PHH") filed motions to dismiss the complaint.  (*See* Not. of Removal

---

[1] Neither party requests oral argument, and the court finds that oral argument would not assist it in resolving the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

(Dkt. # 1) ¶¶ 5-7.)  The state court, however, continued the hearings on the motions to allow time for Plaintiffs to find counsel.  (*See id.* ¶¶ 8, 10.)  On May 6, 2026, counsel appeared for Plaintiffs David Barfield and Keuna Barfield and filed a motion for leave to amend the complaint, which the court set for hearing on May 19, 2026.  (*See id.* ¶¶ 12, 14; *see also* Prop. Am. Compl. (Anderson Decl. (Dkt. # 4-1) ¶ 4, Ex. A).)  The proposed amended complaint omits Plaintiffs' federal claims and asserts only Washington statutory and common-law claims.  (*See* Prop. Am. Compl. ¶¶ 47-67.)

Cascade received notice of the complaint on May 8, 2026, and removed the action to this court on the basis of federal question jurisdiction on May 15, 2026.  (*See* Not. of Removal ¶¶ 15-22.)  On May 19, 2026—after Cascade removed the action—the state court granted Plaintiffs' motion for leave to amend.  (*See* Anderson Decl. ¶ 5, Ex. B.)

Plaintiffs filed their motion to remand on May 21, 2026.  (*See generally* Mot.)  The motion is fully briefed and ripe for decision.

## III.   ANALYSIS

A defendant may remove to federal court any civil action brought in state court over which the district court has original jurisdiction.  28 U.S.C. § 1441(a).  Relevant to the motion now before the court, federal courts have original subject matter jurisdiction over cases "arising under" federal law.  28 U.S.C. § 1331.  Under the "well-pleaded complaint rule," cases generally arise under federal law only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "This rule makes a plaintiff the master of his

ORDER - 3

complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

When Cascade filed its notice of removal, the operative complaint contained multiple claims based on alleged violations of federal statutes. (*See generally* Compl.) Thus, the court has federal question jurisdiction over the case and Cascade properly removed it to this court. *See* 28 U.S.C. §§ 1331, 1441(a). Plaintiffs now argue that the court must remand the matter based on their proposed amended complaint, which includes no federal claims. (*See, e.g.*, Mot. at 2.) Plaintiffs acknowledge that the state court's post-removal order granting their motion for leave to amend "is immaterial at this juncture" but assert that the order "demonstrates that this [case] is not a matter for federal court." (*Id.* at 2 n.1.)

The court denies Plaintiffs' motion to remand because the operative complaint at the time of removal alleges violations of federal statutes (*see generally* Compl.) and PHH and QLC did not waive their ability to consent to removal by litigating the merits of the case in state court before Cascade appeared in the action, *see* 28 U.S.C. §§ 1446(b)(2)(B) (providing each defendant 30 days to remove after receipt or service of the initial pleading), (c) (allowing any earlier-served defendant to consent to a later removal even if that defendant did not previously remove the case).

That said, when a plaintiff amends the complaint to remove the federal claims that enabled the defendant to remove the matter on the basis of federal question jurisdiction, the federal court loses its supplemental jurisdiction over the remaining state-law claims and must remand the matter to state court. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604

ORDER - 4

U.S. 22, 25-26 (2025).  Thus, if Plaintiffs move the court for leave to amend their complaint to remove their federal claims, and the court grants the motion, the court must then remand the case to state court absent another ground to exercise jurisdiction.  If Plaintiffs wish to follow this path, they must file a motion for leave to amend by no later than **July 28, 2026**.

### IV.    CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to remand (Dkt. # 4) without prejudice.  Plaintiffs may file a motion for leave to amend their complaint by no later than **July 28, 2026**.

Dated this 14th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5